603 P.2d 553

**BROADMONT CORPORATION, an Arizona Corporation, Plaintiff/Appellee,**

v.

**FASHION FLOORS, INC., an Arizona Corporation, Defendant/Appellant.**

**No. 2 CA–CIV 3281.**

Court of Appeals of Arizona, Division 2.

Nov. 2, 1979.

J. Michael McClanahan, Tucson, for plaintiff/appellee.

Schorr, Leonard & Felker, P. C. by Franklin O. Eldridge, Tucson, for defendant/appellant.

OPINION

RICHMOND, Chief Judge.

Appellant leased a vehicle from appellee under an agreement providing that if appellant defaulted appellee could sell the vehicle and collect the difference between its original value and the sum of the sale price and

the rent paid. After appellant failed to make several payments appellee repossessed the car, sold it, and brought this suit for a deficiency judgment of $1,707.71 plus attorney's fees and court costs. The trial court entered judgment in favor of appellee. The court, however, erroneously imposed on appellant the burden of showing that appellee acted in bad faith in selling the car, and the judgment is reversed.

The lease required appellee to offer the car for sale to not less than three licensed automobile wholesalers upon appellant's default. Appellee transferred that responsibility to another company, O'Rielly Chevrolet, which obtained two unsealed bids and then submitted its own bid for a higher amount. In its minute entry, the trial court stated that "the method used by the plaintiff to obtain three bids from automobile wholesalers . . . was questionable" but "did not amount to a breach of the contract by plaintiff and . . . the defendant failed to sustain its burden of proof . . . that plaintiff acted in bad faith, without reasonable skill and diligence or in collusion with the three bidders involved."

In placing the burden of showing bad faith on appellant the court relied on *Peterson v. Valley National Bank of Phoenix,* 102 Ariz. 434, 432 P.2d 446 (1967). The holding in *Peterson,* that although a pledgee has a duty to act in good faith in selling goods under a pledge agreement, the burden of showing the lack of good faith is on the pledgor, *Id.* at 441, 432 P.2d at 453, is consistent with the weight of authority in cases decided prior to the enactment of the Uniform Commercial Code. *See* Spivey, Uniform Commercial Code: Burden of Proof as to Commercially Reasonable Disposition of Collateral, 59 A.L.R.3d 369, 372 (1974).

 Arizona adopted the Uniform Commercial Code, A.R.S. § 44-2201, *et seq.,* after *Peterson* was decided. The code imposes the obligations of good faith, § 44-2210, and commercial reasonableness, § 44-3150(c), on a secured party disposing of collateral after a default. The burden of proving commercial reasonableness and good faith is on the plaintiff in an action by a creditor to recover a deficiency judgment. *Gulf Homes, Inc. v. Goubeaux,* 124 Ariz. 142, 602 P.2d 810 (1979); Spivey, *supra,* 59 A.L.R.3d 369. The burden of showing good faith in a sale of goods conducted by an unsecured seller after a buyer's breach has also been placed on the plaintiff in actions to recover deficiencies brought under Article Two of the code, §§ 44-2301—2404. *Dehahn v. Innes,* 356 A.2d 711 (Me.1976); *Anheuser v. Oswald Refractories Company, Inc.,* 541 S.W.2d 706 (Mo.App.1976).

 Since the repossession and sale of the leased car in this case correspond to the repossession and sale of property under the code, the principles of the code should apply by analogy. *See Baker v. City of Seattle,* 79 Wash.2d 198, 484 P.2d 405 (1971); *cf. All-States Leasing Co. v. Bass,* 96 Idaho 873, 538 P.2d 1177 (1975) (holding the implied warranty provisions of the U.C.C. apply under appropriate circumstances). The sale of goods by a repossessing lessor must be made in good faith, i. e., at a price which is commercially reasonable under the circumstances of the case. *See Industrial Leasing Corp. v. Thomason,* 96 Idaho 574, 532 P.2d 916 (1974). The burden of proving good faith and commercial reasonableness is on the seller in an action to collect a deficiency judgment. *Gulf Homes, Inc. v. Goubeaux, supra.*

The judgment is reversed and the case is remanded for a new trial applying the proper burden of proof.

HOWARD and HATHAWAY, JJ., concur.